**Anna Francis DALTON, Appellant,**

**v.**

**Judy FORTNER, Grant County Clerk; Darrell Link, Grant County Judge Executive; Judy Fortner, Randy Middleton, Betty Brewer, and Dudley Peddicord, all Members of Grant County Board of Elections, Appellees.**

No. 2002–CA–001577–MR.

Court of Appeals of Kentucky.

Oct. 10, 2003.

Case Ordered Published by Court of Appeals Nov. 7, 2003.

Rehearing Denied Jan. 9, 2004.

---

Robert P. Gettys, William T. Robinson, III, Greenebaum Doll & McDonald, Covington, KY, for appellant.

Edward J. Lorenz, Grant County Attorney, Williamstown, KY, for appellees.

Before EMBERTON, Chief Judge; McANULTY, Judge; and HUDDLESTON, Senior Judge.[1]

## OPINION

EMBERTON, Chief Judge.

The appellant filed this action for declaratory and injunctive relief against the Grant County election officials, the Grant County Clerk and the Grant County Judge Executive after the Judge Executive refused to order a local option election in the City of Corinth, Grant County, Kentucky. The issue presented is whether KRS[2] 242.185(6), the local option election law permitting the sale of alcoholic beverage by the drink, is applicable to cities other than those of the fourth class or counties containing cities of the fourth class. The circuit court held that it is not and denied the requested relief.

KRS 242.185(6), enacted in 2000, provides:

In order to promote economic development and tourism, other provisions of the Kentucky Revised Statutes notwithstanding, a city or county in which prohibition is in effect may, by petition in accordance with KRS 242.020, hold a local option election on the sale of alcoholic beverages by the drink at restaurants and dining facilities which seat a minimum of one hundred (100) persons and derive a minimum of seventy percent (70%) of their gross receipts from the sale of food. The election shall be held in accordance with KRS 242.030(1), (2), and (5), 242.040, and 242.060 to 242.120, and the proposition on the ballot shall state "Are you in favor of the sale of alcoholic beverages by the drink in (name of city or county) at restaurants and dining facilities with a seating capacity of at least one hundred (100) persons and which derive at least seventy percent (70%) of their gross receipts from the sale of food?". If the majority of the votes in an election held pursuant to the subsection are "Yes", licenses may be issued to qualified restaurants and dining facilities and the licensees may be regulated and taxed in accordance with subsections (4) and (5) of this section.

On January 30, 2002, the appellant filed a petition with the Grant County Clerk requesting a local option election be held in the City of Corinth. The petition met the requirements of KRS 242.020 containing the names of fifty-nine qualified voters of the City of Corinth, exceeding the twenty-five percent of the votes cast in the city at the last preceding general election.

---

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Kentucky Revised Statutes.

Upon the petition being forwarded to the Grant County Judge Executive, the Judge Executive refused to set the matter for an election.

The circuit court held, and the appellees argue, that subsection (1) of KRS 242.185 precludes the application of KRS 242.185(6) to cities other than those of the fourth class or counties containing such cities. The City of Corinth is a sixth class city. KRS 242.185(1) states:

> This section shall apply to any city of the fourth class or county containing a city of the fourth class in which prohibition is not in effect, notwithstanding any other provisions of this chapter relating to the sales of alcoholic beverages by the drink for consumption on the premises.

■ If subsection (1) is intended to apply to subsection (6), the provisions are inconsistent. Under subsection (1) every provision of KRS 242.185 would apply only to fourth class cities and those counties containing fourth class cities where prohibition is not in effect. Subsection (6), however, states that it is applicable only to a city or county where prohibition is in effect. Where, as here, the language of the statute is ambiguous, it is proper for this court to consider the legislative history of the statute to determine its meaning.[3] It is our duty to "ascertain and give effect to the intent of the General Assembly."[4]

KRS 242.185(6) was enacted in 2000 as an amendment to KRS 242.185, which had been enacted two years earlier, and which contained the restrictive language of subsection (1). Fourth class cities have had the right to a local option election since the enactment of KRS 242.125. Additionally,

before the 2000 amendment to KRS 242.185, upon a determination by the legislative body that an economic hardship exists and the sale of alcoholic beverages could aid economic growth, cities of the fourth class and counties containing such a city could enact regulations and ordinances licensing certain businesses to sell alcoholic beverages by the drink. Therefore, in order to give cities other than those of the first four classes an equal privilege, that is, the right to vote on the issue of limited alcohol sales in otherwise dry territories, KRS 242.185(6) was enacted. The General Assembly, recognizing that these cities and counties also have economic needs that can be met by the limited sale of alcohol in otherwise dry territories, and further being aware of the possible construction that could be given by the courts, the legislature specifically included the language, "In order to promote economic development and tourism, other provisions of the Kentucky Revised Statutes notwithstanding, a city...." "Other provisions" necessarily includes the limiting language of KRS 242.185(1).

Our Supreme Court in *Temperance League of Kentucky v. Perry*[5] was confronted with a constitutional challenge to KRS 242.185(6). The challenge, however, related to the distinction between restaurants that meet, and those that do not meet the statutory requirements. In that case, the appellants conceded that KRS 242.185(6) applied equally to all dry cities and counties in Kentucky. Despite this concession and although not directly confronted with the issue, the court in its statement of facts and procedural history stated:

---

3. *See City of Vanceburg v. Plummer*, 275 Ky. 713, 122 S.W.2d 772, 776 (1938).

4. *Owens–Illinois Labels, Inc. v. Commonwealth*, Ky.App., 27 S.W.3d 798, 802 (2000)(quoting *Beckham v. Board of Edu-*

cation of Jefferson County, Ky., 873 S.W.2d 575, 577 (1994)).

5. Ky., 74 S.W.3d 730 (2002).

The Kentucky General Assembly passed Senate Bill 247 on March 29, 2000. The bill, which became effective on July 14, 2000, amends KRS 242.185 by allowing *any* "dry" city or county to hold a local option election to allow the sale of alcoholic beverages in certain restaurants and dining facilities.[6] (Emphasis added.)

The appellees and the trial court characterize the *Temperance League* court's language as dicta and not binding precedent.

We agree with the appellees in view of the appellant's concession in *Temperance League*, that the language is dicta and does not bind us; however, we find it helpful to our analysis. Had the appellants not conceded this issue, and contended that it was applicable to only fourth class cities and counties containing fourth class cities, the court would have been forced to discuss the application of *United Dry Forces v. Lewis*,[7] and whether a classification based on a city's size is constitutional. Instead, the court in *Temperance League* deferred to the General Assembly's intent to promote economic development in all dry cities and counties and the assumption that the sale of alcoholic beverages will further this purpose.[8]

 The circuit court erred in holding that KRS 242.185(6) does not apply to all cities and counties in Kentucky and improperly denied appellant's motion for declaratory and injunctive relief. The order is reversed and the case remanded for further proceedings.

ALL CONCUR.

---

6. *Id.* at 731.

7. Ky., 619 S.W.2d 489 (1981).

8. *Temperance League, supra,* at 733.